12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reineiro MUNOZ, Defendant-Appellant.
 No. 93-5415.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1993.
 
 Before: MILBURN and BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Reineiro Munoz was found guilty by a jury of possessing cocaine with intent to distribute it, in violation of 21 U.S.C. Sec. 841(a)(1). On appeal, Munoz challenges the sufficiency of the evidence. We affirm.
 
 
 2
 * On May 17, 1992, an officer of the Shelby County Sheriff's Department made a traffic stop of a vehicle that he saw being driven erratically. Carlos Perez was driving the vehicle, and Defendant Munoz was in the passenger's seat. The officer asked for Perez's driver's license, which he produced. The officer noticed that Perez was acting far more nervous than the ordinary driver does when stopped for a traffic violation. The officer asked Perez to accompany him back to his patrol car. Once in the patrol car, the officer asked Perez who owned the vehicle, and Perez said that it was owned by the uncle of "Gerald," his passenger.
 
 
 3
 The officer went to the passenger's side of the car, tapped on the window, and called to the passenger, using the name "Gerald." "Gerald" did not respond, but instead kept looking straight ahead. The officer called to him again, and finally "Gerald" looked over and rolled down the window. The officer asked him for the paperwork on the car. Munoz gave the officer his driver's license and an insurance card for the vehicle, both of which were in the name of Reineiro Munoz. With the window rolled down, the officer smelled a very strong chemical odor coming from the interior of the car; he had smelled this odor outside the car, but to a lesser degree. The officer recognized the smell as that of bondo, a material used in doing body work on cars. The officer returned to his patrol car, whereupon Perez immediately volunteered a different story about who owned the car. The officer then questioned Perez about the identity of his passenger and Perez denied knowing the passenger's name. At that point, the officer issued a warning citation to Perez and asked if Perez would consent to a search of the car. Perez agreed and signed a consent form.
 
 
 4
 The officer radioed for an officer to bring a narcotics detection dog, and one arrived shortly thereafter. The dog gave a positive indication in the area of the trunk, and when the officers opened the trunk, they noticed that the trunk was not as deep as an ordinary trunk would be. The officers also smelled bondo. Through a small drain plug in the trunk, the officers took a small sample from one of several bundles of something wrapped in garbage bags. The substance field-tested positive for cocaine, and both Perez and Munoz were arrested. The car was impounded, and once the hidden compartment was opened with an air chisel (among other tools), nine kilograms of cocaine were removed.
 
 
 5
 Perez and Munoz were each charged with possession of cocaine with intent to distribute it. A jury returned a guilty verdict as to Munoz. Munoz then brought this appeal, challenging only the sufficiency of the evidence.
 
 II
 
 6
 We review the sufficiency of the evidence for a criminal conviction under the standard set out in Jackson v. Virginia, 443 U.S. 307 (1979): "[W]hether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.
 
 
 7
 Munoz argues that the evidence was insufficient because it merely showed that he was a passenger in a car containing cocaine and that he was listed on the insurance papers for the car. We disagree. Viewing the evidence in the light most favorable to the government, a rational jury could have concluded that Munoz owned the car, that he knew that cocaine was hidden in the car, that Munoz had the "power and intention to exercise dominion and control over [the cocaine]," United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973), and that Munoz intended to distribute the rather sizeable amount of cocaine. This satisfies the elements of the crime with which Munoz was charged. See United States v. Christian, 786 F.2d 203, 210 (6th Cir.1986).
 
 III
 
 8
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable Charles W. Joiner, United States Senior District Judge for the Eastern District of Michigan, sitting by designation